**In re Arthur L. GRAHAM, Debtor.**

**Bankruptcy No. 81–00956G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

July 24, 1986.

Jack K. Miller, Miller & Miller, Philadelphia, Pa., for debtor, Arthur L. Graham.

James J. O'Connell, Philadelphia, Pa., Standing chapter 13 trustee.

OPINION

EMIL F. GOLDHABER, Chief Judge:

In a case of first impression in this district, the issue at bench is whether we may grant a chapter 13 debtor a hardship discharge notwithstanding the decease of said debtor. For the reasons outlined below, we will grant the debtor a hardship discharge pursuant to 11 U.S.C. § 1328(b) of the Bankruptcy Code ("the Code").

The facts underlying this case are as follows:[1] The debtor filed his chapter 13

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

petition in 1981. The plan filed with the debtor's petition provided for 40 monthly payments to the chapter 13 trustee of $140.00 each, for a total of $5,600.00. We subsequently confirmed the plan as we found that, in accordance with 11 U.S.C. § 1325(a) of the Code, it was filed in good faith, and it provided for greater payment to unsecured creditors than they would have received through liquidation under chapter 7. At the time of his death, the debtor had paid a total of $5,174.68 to the trustee, and owed only $425.32 in order to be eligible for a standard chapter 13 discharge under 11 U.S.C. § 1328(a).[2] After his demise, counsel filed a motion for a hardship discharge under 11 U.S.C. § 1328(b).

When a debtor dies during the pendency of a case, Bankruptcy Rule 1016 provides the available options:

### Rule 1016
### DEATH OR INSANITY OF DEBTOR

Death or insanity of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or insanity had not occurred. If a reorganization or individual's debt adjustment case is pending under chapter 11 or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or insanity had not occurred.

Bankruptcy Rule 1016. If a chapter 13 case is dismissed, no discharge will be granted and the debtor's assets will be administered under the state's probate laws. Assets not exempt under the probate laws will be liquidated for distribution to creditors and then to heirs. If adminis-

tration of the case under 13 continues notwithstanding the death of the debtor, the only feasible recourse is the filing of a motion for a hardship discharge. The conditions for the issuance of such relief are set forth as follows under 11 U.S.C. § 1328(b):

(b) At any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if—

(1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;

(2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and

(3) modification of the plan under section 1329 of this title is not practicable.

11 U.S.C. § 1328(b). Applying § 1328(b) to the facts at hand, it is clear that the debtor cannot be held accountable for his failure to complete the payments required under the chapter 13 plan and modification of the plan at this "late" date is equally infeasible. Finally, the payments which were made to creditors totaled more than the creditors would have received in a chapter 7 liquidation. We will accordingly enter an order granting the debtor a hardship discharge under 11 U.S.C. § 1328(b). *In Re Bond*, 36 B.R. 49 (Bankr.E.D.N.C.1984).

---

**2.** § 1328. Discharge

(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provid-

ed for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title; or

(2) of the kind specified in section 523(a)(5) of this title.

11 U.S.C. § 1328(a).