**In re Alice C. DARK, Debtor.**

**Bankruptcy No. B83–1727.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

July 1, 1988.

**498**

Alexander Jurczenko, Cleveland, Ohio, for Debtor.

Myron E. Wasserman, Cleveland, Ohio, Chapter 13 Trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter came on for hearing upon the motion of Alice C. Dark (Debtor) for a hardship discharge. Upon due notice to all parties entitled thereto, the matter was heard and submitted. Pursuant to Rule 7052, Bankr.R., the following constitutes the Court's findings and conclusions:

### I.

This is a core matter under provisions of 28 U.S.C. § 157(b)(2)(A) and (O), with jurisdiction further conferred under 28 U.S.C. § 1334, and General Order No. 84 of this District. On July 17, 1983, William G. and Alice C. Dark caused to be filed their joint petition seeking an order of relief under Chapter 13 of the Bankruptcy Code. After successive hearings, their amended modified plan was confirmed on February 3, 1984. Thereupon the Debtors began funding their repayment plan.[1]

The dispositive issue for the Court's determination is whether the Debtor, Alice C. Dark, has adequately fulfilled the requirements for a hardship discharge. In support of her motion, the Debtor states that her terminated marriage, loss of former contribution from her deceased mother, and personal surgery which caused a substantial reduction in her employment and income have rendered her unable to make the required plan payments. She further contends that her present and foreseeable financial status is unlikely to improve to allow her to make future plan payments. In opposition to a hardship discharge, the Trustee contends that the Debtor is ineligible for such a discharge as she has not complied with an earlier order of this Court and, otherwise, does not meet all the requirements for a hardship discharge.

### II.

In consideration of this issue, the following provisions of § 1328 of the Code [11 U.S.C. § 1328] are relevant:

11 U.S.C. § 1328. Discharge.

(b) At any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if —

(1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;

(2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under Chapter 7 of this title on such date; and

(3) modification of the plan under section 1329 of this title is not practicable.

Herein, the Debtor, aged 43 years, avers that her financial situation is not likely to improve, and she is unable to continue making plan payments. No medical or other documentation was offered in support of that contention, except for certain payroll receipts. To warrant a grant of a hardship discharge, unsubstantiated and conclusory statements regarding an inability to fund a plan are insufficient. As noted from the above-quoted provision, the granting of a hardship discharge is discretionary with the Court. When considered, however, the three elements of § 1328(b) must be satisfied. The Trustee does not contest the impact of § 1328(b)(1) and (3) on the Debtor's situation. He does, however, strenuously argue that the Debtor

---

1. Upon the Trustee's application for instructions, co-debtor William G. Dark was dismissed from the case by Order dated February 24, 1988.

has failed to satisfy the requirements of § 1328(b)(2). Specifically, the Trustee states that the Debtor's efforts to meet the liquidation analysis requirement of § 1328(b)(2) is improperly reliant upon extraneous valuation data regarding her personal residence. That observation is a correct one. In support of her motion for hardship discharge, the Debtor offers valuation data on her personal residence for a point in time other than the plan's effective date. The language of § 1328(b)(2) clearly provides that the valuation data used must be as of the plan's effective date and not some other time period. Further, the Debtor's initial plan called for general unsecured creditors to receive a ten percent (10%) pay-out. Upon the initial hearing, the Trustee recommended against plan confirmation stating that the best interest test of § 1325(a)(4) had not been satisfied with such a nominal pay-out to unsecured creditors. Subsequently, through a modified plan, the Debtor proposed to pay unsecured creditors 10% on their claims, except for the Ohio Student Loan Commission which would receive 100% of its claim as a priority unsecured creditor. Again, the Trustee recommended against confirmation based on § 1325(a)(4) considerations.[2] Ultimately, the Court ordered the Debtors to pay 34% to general unsecured creditors for a total dollar amount of $1,974.98 throughout the plan period. That amount established by the Court constituted the minimum amount to be received by the unsecured creditors in order to satisfy the best interest test of § 1325(a)(4). The Debtor's modified plan, as amended, conformed to the Court's directive in this regard and was confirmed on February 3, 1984. Upon examination of the Trustee's Report of Receipts and Disbursements for the period ending March 18, 1988, pertaining to the Debtor, a total of $858.26 had been distributed to general unsecured creditors from a total distribution of $6,176.00. Apparently,

that amount is substantially less than the best interest minimum payment of $1,974.78 previously established and ordered by the Court. Furthermore, the minimum pay-out to unsecured creditors has not been satisfied even if a portion or all of First Family Mortgage's secured claim is later determined to be unsecured to the extent of prepetition escrow advances made, as the total pay-out to unsecureds would still be less than the $1,974.78 minimum payment. The three-pronged requirements of § 1328(b) are in the conjunctive, requiring compliance with each subsection thereof. In the present matter, that has not occurred. Thusly, having failed to satisfy the requirements of § 1328(b)(2), the Debtor's motion for a hardship discharge is hereby denied.[3]

IT IS SO ORDERED.

---

**2.** 11 U.S.C. § 1325(a)(4): "Except as provided in subsection (b), the court shall confirm a plan if —

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not

less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7...."

**3.** *See, In re McNealy,* 31 B.R. 932 (Bankr.S.D. Ohio 1983).