**In re Lee H. NELSON and Lizzie L. Nelson, Debtors.**

**Bankruptcy No. 86 B 5599.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Dec. 27, 1991.

Gregory K. Stern, Chicago, Ill., for debtors.

Jack McCullough, Chicago, Ill., standing trustee.

## MEMORANDUM OPINION

SUSAN PIERSON SONDERBY, Bankruptcy Judge.

This matter is before the Court on Lee and Lizzie Nelsons' ("Debtors") Motion for Hardship Discharge under 11 U.S.C. 1328(b) and the Response of Jack McCullough, Standing Trustee ("Trustee"). At the hearing Debtors moved that the Trustee's Response be stricken, alleging that Federal Rule of Bankruptcy Procedure 7001(4) requires the Response to be filed as an adversary complaint. Now, therefore, for the reasons set forth herein, the Debtors' Motion for Hardship Discharge and Motion to Strike the Trustee's Response are denied.

## FACTS

The Debtors, Lee and Lizzie Nelson, filed for relief under Chapter 13 of the Bankruptcy Code on April 9, 1986. The Debtors' Plan of Reorganization ("Plan") proposed payments of $125.00[1] over 50 months with secured creditors being paid 100% and unsecured creditors being paid 10%. An order was entered confirming the Plan on June 24, 1986.

In 1987 the Debtors began to miss payments and by the end of 1987 the Debtors were nearly two months behind on their payments. In 1988 the Debtors failed to make almost three full payments, in 1989 one and one-half payments were missed and in 1990 again nearly two full payments were missed. In 1991 the Debtors had paid only $150.00 by the end of April, resulting in a default of approximately three more payments.

On April 8, 1991 the Trustee moved to dismiss the Chapter 13 case. The Trustee stated that the Debtors were in default by $1355.00 and that it would require $2370.05 and 76 months to complete the Plan.

On April 23, 1991 the Debtors filed a motion for a hardship discharge pursuant to section 1328(b) of the Bankruptcy Code. In support of their motion the Debtors rely on three events; 1) Mr. Nelson's loss of his trucking business and decreased income following the deregulation of the trucking industry,[2] 2) the loss of Mr. Nelson's truck at the end of 1987, and 3) an unexpected expenditure of $1118.00 in 1988. The Debtors state that Mr. Nelson's truck broke down at the end of 1987 and had to be sold for parts. Following the sale of the truck Mr. Nelson was unable to find permanent, full-time employment. The Debtors also maintain the $1118.00 expense took money that would have otherwise been available to make payments under the Plan. The money was required to resolve a dispute with Independence Bank ("Bank"). According to the Debtors, $518.00 of this was an overpayment made by the Trustee to the Bank and $600.00 was for legal fees in handling the dispute. To avoid additional fees, the Debtors settled the matter with the Bank by agreeing that the Bank would

1. The Debtors were to make weekly payments of $29.00 to the Trustee.

2. The deregulation of the trucking industry and Mr. Nelson's loss of his business occurred prior to the Debtors' filing for bankruptcy in 1986. Circumstances justifying a hardship discharge are those that arise after the case was filed. K. Lundin, *Chapter 13 Bankruptcy*, § 9.18 at 9–26 (1990). Therefore this Court will not consider the deregulation of the trucking industry and Mr. Nelson's loss of his business and decreased income as justification for a hardship discharge.

apply the overpayment to the principal balance of their mortgage. The Debtors contend that these are circumstances for which they should not be held justly accountable and which warrant a hardship discharge.

## DISCUSSION

Initially this Court must decide whether an objection to a hardship discharge must be filed as an adversary complaint pursuant to Federal Rule of Bankruptcy Procedure 7001(4). Rule 7001 provides, in pertinent part: "An adversary proceeding is governed by the rules of this Part VII. It is a proceeding ... (4) to object to or revoke a discharge...." The Advisory Committee Notes explain that the adversary proceeding rules apply to "proceedings under Rule 4004 to determine whether a discharge in a chapter 7 or 11 case should be denied because of an objection grounded on § 727 and proceedings in a chapter 7 or 13 case to revoke a discharge as provided in §§ 727(d) or 1328(e)." The Notes do not mention § 1328(b).

Debtors have cited one case which held that objections to a hardship discharge required an adversary proceeding. In *In re McNealy*, 31 B.R. 932 (Bankr.S.D.Ohio 1983) a secured creditor filed an objection to the debtor's request for a hardship discharge. The trustee also appeared at the hearing to object to the discharge but did not file a written objection. The court said:

> After the application for a hardship discharge was filed, a thirty days notice of the application should have been served setting a deadline for the filing of complaints objecting to the discharge conformably to Rule 13–404(b)(1) of the Rules of Bankruptcy Procedure. Complaints objecting to discharge would precipitate an adversary proceeding under Part VII of the Bankruptcy Rules pursuant to Rule 13–404(b)(2) and (c). [*McNealy* at 934.]

Rule 13–404 governed procedures for hardship discharges under § 661 of the Bankruptcy Act. The Rule did require objections to a discharge under § 661 to be filed as a complaint subject to the rules on adversary proceedings. Rule 13–404 has been replaced by Fed.R.Bankr.P. 4004. Rule 4004 governs Objections to Discharge under § 727 and has no application to discharges under Chapter 13. There is no provision in the Federal Rules of Bankruptcy Procedure comparable to Rule 13–404, in fact the Editors' Comments to Fed.R.Bankr.P. 4004 state that there is no provision in the Code for objecting to discharges in a Chapter 13. Since the decision in *McNealy* was based on a rule that is no longer in existence and has no counterpart in the Federal Rules of Bankruptcy Procedure this Court concludes that *McNealy* is no longer authoritative and declines to follow it.

On the other hand this Court finds it significant that in *In re Schleppi*, 103 B.R. 901 (Bankr.S.D.Ohio 1989), a case decided under § 1328(b), the trustee objected to a hardship discharge by filing a Memorandum of Opposition. The court did not require the trustee to object by an adversary complaint.

Debtors contend that Judge Robert E. Ginsberg's discussion of hardship discharges supports their position. See R. Ginsberg, *Bankruptcy*, Section 11.17[b] at p. 1025, ("debtor can ask for a hardship discharge by motion, a creditor can only get an exception to that discharge by filing a complaint and pursuing an adversary proceeding.") The exception Judge Ginsberg is referring to in this section is the *nondischargeability* of a particular debt under § 523. Pursuant to Fed.R.Bankr.P. 7004(b)(6) and 4007(e) objections to dischargeability are to be commenced by a complaint and governed by Part VII. However dischargeability and hardship discharge are two different concepts.[3]

---

**3.** Debtors also assert that Judge Ginsberg struck a creditor's objection to a hardship discharge in *In re Pankau*, 65 B.R. 204 (Bankr.N.D.Ill.1986) for failure to file the objection as an adversary complaint. Debtors attach the docket and Or-

der and Notice in *Pankau* as authority for their position. This is not authority by which this court is bound. In any event it appears that the objection was to the dischargeability of a partic-

This Court concludes that objections to a hardship discharge are not required to be filed as an adversary complaint. There is nothing in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure which require objections to a hardship discharge to be filed as an adversary complaint. Nor have Debtors cited any case decided under section 1328(b) or the Federal Rules of Bankruptcy Procedure which requires objections to the hardship discharge to be filed as complaint. Instead a motion for a hardship discharge initiates a contested matter. 5 *Collier on Bankruptcy*, ¶ 1328.01[2][a] at 1328–15 (15th ed. 1991). This Court denies the Debtors' request to strike the Trustee's Response which was properly filed pursuant to the Rules on contested matters.

### Hardship Discharge

■ Section 1328(b) provides the authority for granting hardship discharges. It states:

At any time after the confirmation of the plan and after notice and hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if—

(1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;

(2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and

(3) modification of the plan under section 1329 of this title is not practicable.

The burden is on the debtor to persuade the court that each of these three subsections have been complied with before the court will consider whether the debtor is entitled to the hardship discharge. *Schleppi* at 903.

Under the first part of the test it is incumbent upon the debtor to show that it was not through the fault of the debtor that the plan cannot be completed. Most courts faced with a request for a hardship discharge have required the presence of catastrophic circumstances. See *In re Dark*, 87 B.R. 497 (Bankr.N.D.Ohio 1988), debtor's marriage ended, debtor lost the financial assistance of her mother by the mother's death and debtor required surgery which resulted in a reduction of her employment and income; *In re Graham*, 63 B.R. 95 (Bankr.E.D.Pa.1986) and *In re Bond*, 36 B.R. 49 (Bankr.E.D.N.C.1984) death of the debtor. *In re White*, 126 B.R. 542 (Bankr.N.D.Ill.1991) denied a request for hardship discharge where the debtor suffered from reduced income as a result of the cessation of the debtor's temporary disability payments and where the debtor was able to return to work. A leading authority on Chapter 13 has described the circumstances which would warrant a hardship discharge as the "truly worst of the awfuls—something more than just the temporary loss of a job or temporary physical disability." K. Lundin, *Chapter 13 Bankruptcy*, § 9.18 at 9–26 (1990).

■ In this case the Debtors claim that the loss of Mr. Nelson's truck, inability to find full time employment and an unexpected expense of $1118.00 are circumstances which warrant a hardship discharge. All of these reasons, however, are economic. They are not the type of catastrophic events such as death or disability which prevent a debtor, through no fault of his or her own, from completing payments pursuant to a plan of reorganization. The Debtors do not contend that either of them are suffering from any type of disability which prevents them from working.

Furthermore the events which the Debtors claim prevents them from completing their Plan occurred in 1987 and 1988. If the loss of Mr. Nelson's truck and payment of $1118.00 caused such a hardship on the Debtors it should have been brought to this Court's attention at that time and modification of the Plan considered. This Court

ular debt under 11 U.S.C. 523(c) not an objec-

tion to the hardship discharge.

finds that the Debtors' failure to complete payments under the Plan was not due to the type of catastrophic circumstance which courts have consistently required when interpreting § 1328(b)(1).[4]

The second element requires an evaluation of what the creditors would have received in a Chapter 7 liquidation. According to the Trustee, if the Debtors had filed under Chapter 7 their unsecured creditors would have received nothing. Therefore any amounts the Debtors have paid to their creditors to date, under the Plan, are more than those creditors would have received in a liquidation.

Finally the third element requires the debtor to prove that modification of the plan is not practicable. Technically, modification of this Plan is not practicable because section 1322(c) limits payments under a plan to five years (60 months) and the Debtors moved for the hardship discharge when they were in the 57th month of their Plan.[5] However, most of the events which the Debtors rely on in requesting this discharge occurred in 1988 when modification of the Plan might still have been practicable. This Court will not find modification is impracticable where the Debtors waited until it was too late to modify their Plan to request a hardship discharge, even though the alleged circumstances giving rise to the hardship discharge occurred at an earlier time. The Debtors have not offered any reason why they waited so long to request a hardship discharge. The Debtors chose to do nothing and instead waited until the Trustee moved for a dismissal of this case to ask this Court for assistance.

This Court concludes that the Debtors are not entitled to a hardship discharge under § 1328(b). The Court finds that Mr. Nelson's loss of his truck, inability to find full time employment and an unexpected expense are not catastrophic circumstances for which the debtor should not be held accountable. Therefore the Debtors have failed to establish the first part of the three part test. In addition this Court holds that the requirements of the third part of the test have not been met due to the Debtors delay in asking this Court for relief until it was too late to modify the Plan. Such a delay, without any excuse, precludes a finding that modification of the Plan is not practicable when the events allegedly creating the need for the hardship discharge occurred several years earlier. Section 1328(b) authorizes a court to grant the discharge "only if" the debtor has established all three elements. Since the Debtors have failed to establish both the first and third elements of section 1328(b), the Debtors request for a hardship discharge is denied.

IT IS HEREBY ORDERED that the Debtors' Motion for a Hardship Discharge and Request to Strike the Trustee's Response are denied.

---

4. Debtors refer to two cases which they claim present a more liberal interpretation of § 1328(b). Debtors attach the Orders from these cases as authority for their position. These Orders are not precedent by which this Court is bound.

5. The Trustee determined that it would take 76 months to complete the Plan. This would take the Plan beyond the five year time limit of section 1322(c).