_____

No. 95-1843EM
_____

Eric Crawford,                          *
                                        *
            Appellant,                  *
                                        *   On Appeal from the United
      v.                                *   States District Court
                                        *   for the Eastern District
Marvin T. Runyon, Postmaster            *   of Missouri.
General, United States Postal           *
Service,                                *
                                        *
            Appellee.                   *


                    _____

            Submitted:  March 21, 1996

               Filed:  April 1, 1996
                    _____

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and BEAM, Circuit Judges.
                    _____

RICHARD S. ARNOLD, Chief Judge.

      Eric Crawford appeals the District Court's[1] entry of judgment for
defendant following a bench trial in this action arising from his discharge
from the United States Postal Service.  We affirm.

      Crawford, a former Postal Service employee, alleged that the Postal
Service discriminated against him in violation of section 504 of the
Rehabilitation Act of 1973, 29 U.S.C. § 794.  Crawford

_____

      [1]The Honorable George F. Gunn, Jr., United States District
Judge for the Eastern District of Missouri.

claimed he was fired after his supervisors lied about alleged threats he had made to hurt or kill his acting immediate supervisor, as part of a campaign to have him terminated because of his depression and stress-related mental disorders. After the District Court granted summary judgment to defendant, we reversed on this claim, and remanded for a trial. Crawford v. Runyon, 37 F.3d 1338, 1339, 1341 (8th Cir. 1994).

Before trial, the District Court struck Crawford's demand for a jury, concluding that Crawford had no right to a jury trial. At the start of the bench trial, the parties agreed that the only issue before the court was whether Crawford made the threats; if he did, Crawford agreed defendant's reasons for firing him would not be pretextual. At the conclusion of the trial, the District Court found that Crawford had threatened his supervisors, and that defendant's reason for discharging Crawford was not pretextual.

We agree with the District Court that Crawford did not have a right to a jury trial, because defendant was sued in his official capacity as a representative of the United States. See 39 U.S.C. § 201 (Postal Service is part of "Government of the United States"); Loeffler v. Frank, 486 U.S. 549, 562 n.8 (1988) (when head of Postal Service acts in official capacity, he acts in name of Postal Service); Lehman v. Nakshian, 453 U.S. 156, 160-61, 168 (1981) (Seventh Amendment right to jury trial does not apply against federal government, and plaintiff has right to jury trial "only where Congress has affirmatively and unambiguously granted that right by statute").

Given the parties' stipulation regarding pretext, only the District Court's factual findings on whether Crawford actually threatened his supervisors need be reviewed. The Court's findings were not clearly erroneous. Each of three supervisors testified that he or she heard Crawford make a threatening statement directed towards his acting supervisor on the relevant dates. Furthermore,

Crawford's own testimony shows that on each of these dates he made statements which were either directly threatening to his acting supervisor, or could reasonably be perceived as threatening to his acting supervisor or other supervisors.

Finally, we deny Crawford's motion to supplement the record. The material he offers is presented for impeachment only, which should have been done at trial. See <u>Dakota Indus., Inc. v. Dakota Sportswear, Inc.</u>, 988 F.2d 61, 63 (8th Cir. 1993) (appellate court generally cannot consider evidence not in record below). Defendant's motions to strike and to supplement the record are denied.

Affirmed.

A true copy.

     Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.