No. 96-2903

Mary Davis, individually;                *
Bobby D. Davis, individually             *
and as next friends for a                *
minor Shane Davis,                       *
                                         *
    Plaintiffs/Appellants,               *
                                         *  Appeal from the United States
    v.                                   *  District Court for the Eastern
                                         *  District of Missouri.
Francis Howell School                    *
District; Roger Russell;                 *
Vicky Stewart; Joan Powlishta,           *
                                         *
    Defendants/Appellees.                *

Submitted:  December 11, 1996

Filed:   January 9, 1997

Before WOLLMAN and MURPHY, Circuit Judges, and TUNHEIM,[1] District  Judge.

MURPHY, Circuit Judge.


Mary and Bobby Davis appeal from the denial of preliminary injunctive relief requiring the Francis Howell School District to administer a particular dose of Ritalin SR to their son Shane who suffers from attention deficit hyperactivity disorder (ADHD).  The Davises allege that the district's refusal to administer the medication violates Title II of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12131 et seq., § 504 of the Rehabilitation Act, 29 U.S.C. § 794, and 42 U.S.C. § 1983.  The district court[2] found they had failed to establish irreparable harm and a likelihood of

---

[1]The Honorable John Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

success on the merits and so denied their injunction motion.  We affirm.

Shane Davis has been diagnosed with ADHD, and his doctor has prescribed 360 milligrams of Ritalin SR a day in pill form to control his condition.  The nurse at his elementary school, Joan Powlishta, frequently gives school time doses of students' medications, including Ritalin, and she administered Shane's school time dose for over two years.  On April 2, 1996, however, Powlishta notified Shane's mother that she was concerned about the amount of the prescribed dose because it exceeded the recommended maximum daily dosage in the Physician's Desk Reference.  She asked Mrs. Davis to get a second doctor's opinion concerning the safety of the dose.  Even though Mrs. Davis obtained the second opinion, Powlishta said she would stop administering the medication to Shane on April 15.  The district told Shane's parents they could designate someone to come onto the school grounds to administer his medication, and Mrs. Davis changed her work schedule and child care arrangements in order to give Shane his school time dose.  Depending on her work schedule and the time when Shane receives his first daily dose of Ritalin, she either administers one or two doses of Ritalin to him at school.

The Davises sued the school district, Powlishta, and other school employees, alleging that the refusal to administer Shane's school time dose of Ritalin violated the ADA, § 504 of the Rehabilitation Act, and their due process and equal protection rights under the Fourteenth Amendment.  The district court issued a temporary restraining order on April 25, 1996, and ordered the school district to continue administering Shane's medication.  After holding an evidentiary hearing on May 9, the district court dissolved the restraining order and denied a preliminary injunction which would have required the district to continue administering his school time dose until trial, which is scheduled to begin May 27, 1997.

2

The standard for issuance of an injunction requires consideration of the threat of irreparable harm to the movant, the balance between this harm and the harm created by granting the injunction, the likelihood of success on the merits, and the public interest. Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The party seeking the injunction has the burden of establishing these factors. Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 737 (8th Cir. 1989). An issuance or denial of a preliminary injunction is reviewed for abuse of discretion. Baker Elec. Coop., Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994).

The district court considered the Dataphase factors and found the Davises had failed to demonstrate the likelihood of success on the merits or irreparable harm. The court found they had not presented evidence that the district violated the ADA and the Rehabilitation Act by refusing to administer Shane's medication on the basis of his disability, deprived them of a constitutionally protected liberty interest, or failed to give adequate notice or opportunity to contest its decision. The court also found the Davises did not show that the inconvenience resulting from the district's refusal to administer Shane's medication would cause irreparable harm or that this harm outweighed the harm to the district by requiring it to administer medication when it was concerned about potential liability.

The Davises claim the district court erred by finding that they had not established the likelihood of success on the merits of their ADA and Rehabilitation Act claims. They argue the school district's policy against administering medication in excess of the maximum recommended dosage and concern about Shane do not excuse its duty to accommodate his disability.

Both Title II of the ADA and § 504 of the Rehabilitation Act prohibit the denial of the benefits of services to a qualified

3

individual with a disability on the basis of that person's disability. <u>See</u> 42 U.S.C. § 12132; 29 U.S.C. § 794(a). The Davises have not produced evidence that the district refused to administer Shane's medication on the basis of his disability rather than on the basis of its policy and its concerns about liability and students' health. Because they have made no showing that the district's actions occurred because of Shane's disability, the Davises have not established a likelihood of succeeding on the merits of their ADA and Rehabilitation Act claims.

The Davises also argue that the district court erred by finding they were not likely to be successful on their claims that the district's refusal to administer medication which exceeds the maximum dosage stated in the Physician's Desk Reference deprived them of rights under § 1983. The Davises claim that the school district's refusal to administer medication to Shane interferes with their right to determine the care of their child. They have not shown that this right extends to the school district's administration of medication to Shane or that the school district interfered with this right or violated due process by refusing to administer his medication. <u>See</u> <u>North Memorial Med. Ctr. v. Gomez</u>, 59 F.3d 735, 740 (8th Cir. 1995) (citations omitted) (claim of entitlement underlying due process violation requires an interest stemming from an independent source, such as state law), and <u>Coleman v. Watt</u>, 40 F.3d 255, 260 (8th Cir. 1994) (due process protections vary depending on deprivation involved). Furthermore, the comprehensive enforcement mechanisms provided under § 504 and the ADA suggest Congress did not intend violations of those statutes to be also cognizable under § 1983. <u>See</u> <u>DeYoung v. Patten</u>, 898 F.2d 628, 634 (8th Cir. 1990).

The Davises also allege that the disruption in their lives from the district's refusal to administer Shane's medication caused irreparable damage. The Davises presented evidence that their schedules changed as a result of the district's actions, that they

4

had to ask relatives for help when scheduling conflicts arose, and that this disruption has created family stress.[3]  While the record shows the district's refusal to administer Shane's school time dose of Ritalin has been inconvenient and has caused some stress for the Davises, they did not establish that they faced irreparable harm in the months before trial or that the balance of harms clearly favored them in a situation where the district had its own concerns related to the administration of medicine.

We have considered the Davises' other arguments but find they do not require discussion here.  Because they did not meet their burden of establishing their right to injunctive relief, the district court did not abuse its discretion in denying the preliminary injunction, and its order is therefore affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]In their reply brief, the Davises included additional affidavits which were not before the district court, and they subsequently asked permission to enlarge the record.  We have reviewed these affidavits, but we will not consider evidence for the first time on appeal.  See Crawford v. Runyon, 79 F.3d 743, 744 (8th Cir. 1996) (appellate court generally cannot consider evidence not in record below); Dakota Indus., Inc. v. Dakota Sportwear, Inc., 988 F.2d 61, 63 (8th Cir. 1993) (enlargement of record is rare exception to rule against consideration of evidence not before the district court).  The appellees' motions to strike portions of the appellants' reply brief and to file a reply in support of the motion to strike are therefore dismissed as moot.