F I L E D
United States Court of Appeals
Tenth Circuit

NOV 13 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

RAYMOND F. EGINTON,

        Plaintiff-Appellant,

v.

MARVIN T. RUNYON, sued as
United States of America ex rel.;
UNITED STATES POSTAL
SERVICE by and thru the Postmaster
General; AMERICAN POSTAL
WORKERS UNION, AFL-CIO by
and thru the Oklahoma City Local,

        Defendants-Appellees.

No. 97-6002
(D.C. No. 94-CV-1099)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,[**] District Judge.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Raymond F. Eginton is an employee of the United States Postal Service who has filed numerous grievances under the collective bargaining agreement between the postal service and the American Postal Workers Union (APWU). He appeals the district court's grant of summary judgment on his claims under 39 U.S.C. § 1208(b) that, in dealing with his grievances, the postal service violated the agreement and the APWU breached its duty of fair representation. In our de novo review of the record, we have identified no genuine issue of material fact and no error in the district court's legal conclusions. See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).

Eginton's claims against the postal service and the APWU are "'inextricably interdependent.'" See Nelson v. Holmes Freight Lines, Inc., 37 F.3d 591, 594 (10th Cir. 1994) (quoting DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 164-65 (1983)).[1] To prevail against either the postal

---

[1] Because § 1208(b) is analogous to § 301(a) of the Labor Management Relations Act, case law developed under § 301(a) for private sector employees is equally applicable to actions brought by postal service employees under § 1208(b). See, e.g., Bacashihua v. United States Postal Serv., 859 F.2d 402, 405 (6th Cir. 1988); Trent v. Bolger, 837 F.2d 657, 659 (4th Cir. 1988).

service or the APWU, he must establish that the APWU has breached its duty of fair representation. See Nelson, 37 F.3d at 594.

A union, however, is granted broad latitude in dealing with its members and its performance is viewed in a highly deferential light. See Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 78 (1991). "[T]o prevail in a claim for a breach of duty of fair representation, a plaintiff must prove that the union's conduct was 'arbitrary, discriminatory, or in bad faith.'" Arnold v. Air Midwest, Inc.,100 F.3d 857, 862 (10th Cir. 1996) (quoting Vaca v. Sipes, 386 U.S. 171, 190 (1967)).

> A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational. A union's discriminatory conduct violates its duty of fair representation if it is invidious. Bad faith requires a showing of fraud, or deceitful or dishonest action.

Aguinaga v. United Food & Commercial Workers Int'l Union, 993 F.2d 1463, 1470 (10th Cir. 1993) (internal quotations and citations omitted).

There is nothing in the record showing that the APWU acted in an arbitrary, discriminatory, or bad faith manner. At most, Eginton has shown that the APWU did not pursue his grievances as vigorously as it could have and misinformed him about the status of his grievances. This conduct does not amount to a breach of the duty of fair representation. Moreover, the failure to show breach on the part

of the APWU means that Eginton cannot establish his breach of contract claim against the postal service.  See Nelson, 37 F.3d at 594.[2]

For substantially the same reasons set forth in the district court's order of November 4, 1996, the judgment is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge

---

[2]     We have affirmed the grant of summary judgment and do not reach Eginton's argument that he was entitled to a jury trial against the postal service. We note, however, that other circuit courts of appeal have determined that there is no constitutional or statutory right to a jury trial against the postal service in this type of employment case.  See Crawford v. Runyon, 79 F.3d 743, 744 (8th Cir. 1996); Young v. United States Postal Serv. (In re Young), 869 F.2d 158, 159 (2d Cir. 1989).