# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2481

_____

| | | |
|---|---|---|
| Robert D. McGrew, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Ronald Hasty, Patrolman Ninth | * | District of Missouri. |
| District, in both individual and official | * | |
| capacities, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: January 25, 2001

Filed: January 31, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Robert D. McGrew appeals from the district court's[1] adverse ruling on a motion to dismiss in his action for damages and recovery of property. Having reviewed the district court's ruling de novo, we conclude that Mr. McGrew failed to avail himself of adequate post-deprivation remedies under Missouri law, e.g.,

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

an action for replevin, conversion, or return of stolen property. <u>See</u> Mo. Rev. Stat. § 542.301.1(1) (Supp. 1998); <u>Hudson v. Palmer</u>, 468 U.S. 517, 529-30 (1984); <u>Harris v. St. Louis Police Dep't</u>, 164 F.3d 1085, 1086 (8th Cir. 1998) (per curiam); <u>Perez v. Boatmen's Nat'l Bank of St. Louis</u>, 788 S.W.2d 296, 299 (Mo. Ct. App. 1990). Mr. McGrew argues that the state court has rejected his attempts to file a replevin action, but we do not address this argument because he did not raise it below and he supports it with evidence that was not before the district court. <u>See</u> <u>Crawford v. Runyon</u>, 79 F.3d 743, 744 (8th Cir. 1996); <u>Ryder v. Morris</u>, 752 F.2d 327, 332 (8th Cir.), <u>cert. denied</u>, 471 U.S. 1126 (1985).

We deny Mr. McGrew's pending motion, but we modify the dismissal of his state law claims to be without prejudice, <u>see</u> <u>Labickas v. Ark. State Univ.</u>, 78 F.3d 333, 334-35 (8th Cir.) (per curiam), <u>cert. denied</u>, 519 U.S. 968 (1996). In all other respects, we affirm. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.