# United States Court of Appeals
## For the Eighth Circuit

_____

No. 00-1313EM

_____

| | | |
|---|---|---|
| Harry Grey, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| Douglas F. Wilburn, State of Missouri | * | District Court for the Eastern |
| Office of the Secretary of State and | * | District of Missouri |
| Rebecca Cook, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  September 13, 2001

Filed:   November 6, 2001 (Corrected 11/12/01)

_____

Before MORRIS SHEPPARD ARNOLD and MURPHY, Circuit Judges, and
        LONGSTAFF,[1] District Judge.

_____

RONALD E. LONGSTAFF, District Judge.

Harry Grey, who suffers from bipolar affective disorder, brought this action against  the Office of the Missouri Secretary of State and two of its employees, alleging they discriminated against him on the basis of his disability in denying his application for re-registration as a securities agent in Missouri.  Specifically, Count I of Grey's complaint alleged violations of the Americans with Disabilities Act of

_____

[1]The Honorable Ronald E. Longstaff, Chief United States District Judge for the Southern District of Iowa, sitting by designation.

1990 ("ADA"); count II set forth similar allegations under section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"); and count III was filed pursuant to 42 U.S.C. § 1983, alleging the defendants violated the Equal Protection Clause of the Fourteenth Amendment. On December 16, 1999, the district court granted the defendants' motion to dismiss all counts. Based on recent precedent from the United States Supreme Court and this circuit, we now reverse the district court's decision with regard to the ADA and Rehabilitation Act claims, and affirm its dismissal of the section 1983 claim.

I.

We first address the district court's dismissal of Grey's ADA claim. This Court reviews a district court's decision on a motion to dismiss *de novo*, applying the same standards as those employed by the district court. *Riley v. St. Louis County of Missouri*, 153 F.3d 627, 630 (8th Cir. 1998).

Count I of Grey's complaint alleges, in relevant part: "Defendant Office of Secretary of State *and its agents, including Defendant Wilburn*, delayed action on plaintiff's license application and subsequently denied his application and failed to make reasonable accommodations or modifications to state licensure policy, all on account of his disability." Complaint ¶ 12 (emphasis added). Plaintiff's prayer for relief under count I then urges the district court to "enter judgment in his favor and against Defendant Office of Secretary of State for actual and punitive damages, appropriate injunctive relief including issuance of a securities license, attorneys' fees and costs for such additional relief as may be just and proper in the circumstances." Complaint at 3-4.

The district court dismissed Grey's ADA and Rehabilitation Act claims in their entirety on the grounds that the State has Eleventh Amendment immunity to suit under both statutes. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (holding that Title II of the ADA, governing discrimination by public entities, did not validly abrogate States' Eleventh immunity from suit by private individuals in federal court, and that in any case, public officials could not be sued

under Title II in their individual capacities);[2] and *Bradley v. Arkansas Dept. of Educ.*, 189 F.3d 745, 756 (8th Cir. 1999) (States' Eleventh Amendment immunity from suit under Rehabilitation Act not waived through acceptance of federal funds).[3]  Since *Alsbrook* and *Bradley*, this Court has clarified that under *Ex Parte Young*[4] and its progeny, private individuals can in fact sue state officials under the ADA for prospective, injunctive relief only.  *See Gibson v. Arkansas Dep't of Correction*, Nos. 01-1038, 01-1114, 2001 WL 1041845 (Sept. 12, 2001) (citing *Board of Trustees of the University of Alabama v. Garrett*, 121 S. Ct. 955, 967-68 (2001).[5]

The State defendants do not dispute the law on this issue, but argue that plaintiff's prayer for relief under count I seeks relief only from the State, and not from the individuals.  Accordingly, Eleventh Amendment immunity should apply to bar plaintiff's ADA claim.

This Court agrees plaintiff's prayer for relief is not well-crafted under this claim, but believes that in viewing the allegations as a whole, it is clear plaintiff's charges are in fact directed against the individual defendants.  *See* Complaint ¶ 12. To remove all doubt, on remand, plaintiff should be allowed permission to amend his prayer to expressly seek prospective, injunctive relief from the state officials in their official capacities.

---

[2] On January 25, 2000, the United States Supreme Court granted in part the plaintiff/petitioner's writ of certiorari.  *See Alsbrook v. Arkansas*, 528 U.S. 1146 (2000).  The writ of certiorari subsequently was dismissed on March 1, 2000. *Alsbrook v. Arkansas*, 529 U.S. 1001 (2000).

[3] As discussed in section II below, *Bradley* subsequently was vacated in part in *Jim C. v. Arkansas Dep't of Educ.*, 197 F.3d 958 (8th Cir. 1999), *cert. denied Arkansas Dep't of Educ. v. Jim C.*, 121 S.Ct. 2591 (2001).

[4] 209 U.S. 123 (1908).

[5] The Court notes that plaintiff concedes in his appellate brief that he is not entitled to money damages under this claim, and now seeks only prospective, injunctive relief.

II.

Grey's Rehabilitation Act claim under count II of his complaint runs parallel to his ADA claim. Relying on the Eighth Circuit's decision in *Bradley*, the district court dismissed count II on the grounds of immunity. Subsequent to the district court's decision, the Eighth Circuit granted the *Bradley* plaintiffs' petition for rehearing en banc, and reversed the panel's ruling. *See Jim C. v. United States*, 235 F.3d 1079, 1081 (8th Cir. 2000). In a five to four decision, the *Jim C.* court concluded that section 504 of the Rehabilitation Act is in fact a valid exercise of Congress' spending power, and that states waive their immunity with respect to section 504 suits by accepting federal funds. *Id.* Based on *Jim C.*, we therefore reverse the district court's dismissal of Grey's Rehabilitation Act claim.

III.

Grey pled count III of his complaint under 42 U.S.C. § 1983, alleging defendant Wilburn's conduct with regard to Grey's application for re-licensure violated his Fourteenth Amendment rights.[6] The district court dismissed this claim on the basis that it is predicated on the same allegations as Grey's ADA and Rehabilitation Act claims. *See, e.g., Alsbrook*, 184 F.3d at 1011 ("'the comprehensive enforcement mechanisms provided under section 504 [of the Rehabilitation Act] and

---

[6] Count III of Grey's complaint states in its entirety:

22. The conduct of Defendant Wilburn, as described herein, was undertaken under color of statute, regulation, custom or usage of the State of Missouri within the meaning of 42 U.S.C. § 1983.

23. The conduct of Defendant Wilburn, as described herein, was undertaken on account of plaintiff's disability, was intentional and constituted a violation of plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

Complaint ¶¶ 22-23.

the ADA suggest Congress did not intend violations of those statutes to be also cognizable under § 1983'") (quoting *Davis v. Francis Howell School District*, 104 F.3d 204, 206 (8th Cir. 1997)).

Grey attempts to distinguish *Alsbrook* on the basis that in that case, the plaintiffs' section 1983 claim was based specifically on a violation of rights under the ADA, whereas Grey's claim purports to be based on an equal protection violation under the Fourteenth Amendment. *See, e.g., Salcido v. Woodbury Cty., Iowa*, 66 F. Supp. 2d 1035, 1046 (N.D. Iowa 1999) ("[plaintiff] is not seeking to enforce the ADA or the [Rehabilitation Act] through a § 1983 action. Instead, [plaintiff's] remaining constitutional claims, brought pursuant to § 1983, as pleaded, go to violation of his constitutional rights . . . even though those constitutional claims may arise from essentially the same nucleus of operative facts.").

This Court is not convinced. Regardless of how Grey styles his claim, the fact remains he alleged no facts to support his "equal protection" claim other than those set forth in the statutory claims. *See* Complaint ¶¶ 22-23. Such a claim is not "separate and independent," as Grey alleges. Furthermore, in *Davis*, as in the present case, the plaintiffs specifically alleged what they believed to be an independent constitutional violation under their section 1983 claim and the court nevertheless found it to be subsumed by the ADA and Rehabilitation Act claims. *See Davis*, 104 F.3d at 206.

Grey argues alternatively that even if not allowed to proceed with his section 1983 claim for money damages, he should be allowed to seek injunctive relief. *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) ("State officials acting in their official capacities are § 1983 "persons" when sued for prospective relief, and the Eleventh Amendment does not bar such relief."). In view of this Court's holdings in both *Alsbrook* and *Davis*, however, the fact Grey's section 1983 claim for injunctive relief may be permissible under the Eleventh Amendment is not dispositive of the issue. As explained by the court in *Alsbrook*:

> Section 1983 provides a federal cause of action for plaintiffs to sue officials acting under color of state law for alleged deprivations of

"rights, privileges, or immunities secured by the Constitution and the laws" of the United States. *See* 42 U.S.C. § 1983. It is well recognized that a plaintiff may use section 1983 to enforce not only rights contained in the constitution, but also rights that are defined by federal statutes. *See Maine v. Thiboutot*, 448 U.S. 1, 4-8 (1980); *Arkansas Med. Soc'y, Inc. v. Reynolds*, 6 F.3d 519, 523 (8th Cir. 1993). An exception to this general rule exists when a comprehensive remedial scheme evidences a congressional intent to foreclose resort to section 1983 for remedy of statutory violations. *See Middlesex County Sewerage Auth v. National Sea Clammers Ass'n*, 453 U.S. 1, 19-21 (1981). Courts should presume that Congress intended that the enforcement mechanism provided in the statute be exclusive. *See Pona v. Cecil Whittaker's, Inc.*, 155 F.3d 1034, 1038 (8th Cir. 1998).

*Alsbrook*, 184 F.3d at 1010-11. In short, when Congress has shown an intent to limit available avenues for relief, this Court must abide by such an intent. Plaintiff may appropriately proceed for injunctive relief under the ADA and the Rehabilitation Act.

The decision of the district court is affirmed in part and reversed in part. The case is remanded to the district court with directions to reinstate counts I and II in a manner consistent with this Order.

A true copy.

     Attest:

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.