# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2619

_____

| | | |
|---|---|---|
| James Ballinger, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Greg Culotta, in his official capacity | * | Western District of Missouri. |
| as director of child support services | * | |
| for the state; Gary Bailey, Director of | * | |
| Missouri Division of Child Support | * | |
| Enforcement; Herbert Rhees, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 13, 2003

Filed: March 10, 2003

_____

Before WOLLMAN and MURPHY, Circuit Judges, and GRITZNER,[1] District Judge.

_____

WOLLMAN, Circuit Judge.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

James Ballinger appeals the district court's[2] dismissal with prejudice of his 42 U.S.C. § 1983 action and its refusal to grant him leave to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. We affirm.

I.

Ballinger and his late wife, Patricia Ballinger, filed for divorce in Clay County, Missouri, in 1978. The Circuit Court of Clay County awarded custody of the Ballingers' son, John, to his maternal grandparents, defendant Herbert Rhees and his late wife, Sally, in 1979. The Rheeses lived in Colorado, and although they were not parties to the Ballingers' custody proceedings, they willingly took custody of their grandson. In 1980, the case was transferred to Arapahoe County, Colorado. In 1989, Ballinger filed a motion to modify child custody in the Circuit Court of Clay County. The case was transferred to Morgan County, Missouri, shortly thereafter. Ballinger paid child support until 1990, when he informed the presiding judge of the Circuit Court of Clay County that he would not continue to pay child support unless the judge assumed jurisdiction of the then-pending child custody case. The judge declined to do so, and Ballinger ceased paying child support.

John Ballinger died in August 1994. The Missouri Department of Social Services notified the Circuit Clerk of Clay County, Missouri, that Ballinger's child support case was closed. Ballinger asserts that he never received notice of this fact. In 1996, Ballinger requested a "Clay County Status Report." The report stated that he owed $15,800 in child support and that the next payment was due in November, 1996.

---

[2]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

Ballinger filed suit under 42 U.S.C. § 1983 on January 23, 2002, asserting that defendants Greg Culotta, a former Clay County official, Gary Bailey, the Director of Missouri's Child Support Enforcement Division, and Herbert Rhees, violated his constitutionally protected rights of parental association, due process, and equal protection. More specifically, Ballinger alleged that his rights were violated by the state court proceedings and the individual defendants' acts under color of state law concerning his son's custody. The defendants sought dismissal pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, asserting (1) that Ballinger failed to state a claim upon which relief can be granted; (2) that Ballinger's claims were barred both by the applicable statute of limitations and by the Rooker-Feldman doctrine; and (3) that defendants Culotta and Bailey were entitled to Eleventh Amendment immunity. The district court found that Ballinger's claims were time-barred. It dismissed Ballinger's suit with prejudice and refused to grant Ballinger leave to amend his complaint.

II.

We review de novo a district court's grant of a motion to dismiss, applying the same standards as were employed by the district court. Grey v. Wilburn, 270 F.3d 607, 608 (8th Cir. 2001) (citation omitted). On appeal, Ballinger contends that the district court erred in determining that his claims were time-barred. We may affirm the district court's judgment on any ground supported by the record, Godfrey v. Pulitzer Publ'g Co., 276 F.3d 405, 409 (8th Cir. 2002) (citation omitted). Accordingly, we will pass Ballinger's contention that his claims are not time-barred and instead affirm the district court's order on the alternative ground that the district court lacked jurisdiction to consider Ballinger's § 1983 action because it in effect constitutes a challenge to a state court decision. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 416 (1923).

The Rooker-Feldman doctrine provides that, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000) (citing Feldman, 460 U.S. at 476; Rooker, 263 U.S. at 416). District courts may not review state court decisions, "even if those challenges allege that the state court's action was unconstitutional," Feldman, 406 U.S. at 486, because "[f]ederal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court," Lemonds, 222 F.3d at 492 (citing 28 U.S.C. § 1257; Feldman, 460 U.S. at 486). A party who was unsuccessful in state court thus "is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994) (citing Feldman, 460 U.S. at 482; Rooker, 263 U.S. at 416). This jurisdictional bar extends not only to "straightforward appeals but also [to] more indirect attempts by federal plaintiffs to undermine state court decisions." Lemonds, 222 F.3d at 492. Federal district courts thus may not "exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court." Id. at 492-93 (citations omitted).

A claim brought in federal court is inextricably intertwined with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." Id. at 493 (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring)). Ballinger alleged in the complaint that Judge Pratt of the Circuit Court of Clay County violated Missouri law by awarding custody of John Ballinger to the Rheeses, who neither had "intervened in the action, nor filed a motion to modify." Ballinger's claims seek to remedy his alleged injury resulting from Judge Pratt's decisions. The state court judgment allegedly "unconstitutionally infringed [Ballinger's] parental rights, [and] was infirm as a matter of law[,] as it was outside Judge Pratt's jurisdiction to award custody to the maternal grandparents." See Mo. Rev. Stat. § 452.402; Herndon v. Tuhey, 857 S.W.2d 203, 206, 210 (Mo.

1993) (affirming the constitutionality of Mo. Rev. Stat. § 452.402, stating that the court "may grant reasonable visitation rights" to grandparents). Ballinger could prevail on his claims only if the district court determined that Judge Pratt wrongly decided the legal questions at issue. Because "the relief requested in [Ballinger's] federal [§ 1983] action would effectively reverse the state court decision or void its ruling," Bechtold v. City of Rosemount, 104 F.3d 1062, 1065 (8th Cir. 1997), the Rooker-Feldman doctrine bars the district court from considering Ballinger's claims, as the federal court action would amount to a "prohibited appeal of the state-court judgment," id. at 1066 (citation omitted).

III.

In light of the district court's lack of jurisdiction, we need not consider Ballinger's contention that the court erred in denying his motion for leave to amend the complaint.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.