# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No. 03-6040EM

———

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Patricia L. Spencer, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Patricia L. Spencer, | * | |
| | * | |
| Debtor-Appellant, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| v. | * | Eastern District of Missouri |
| | * | |
| John V. Labarge, Jr., | * | |
| | * | |
| Trustee-Appellee, | * | |
| | * | |
| United States of America | * | |
| | * | |
| Creditor-Appellee. | * | |
| | * | |

———

Submitted: November 12, 2003
Filed: December 1, 2003

———

Before KRESSEL, Chief Judge, FEDERMAN and VENTERS, Bankruptcy Judges.

———

KRESSEL, Chief Judge.

The debtor, Patricia L. Spencer, appeals from two orders of the bankruptcy court.[1] The first order denied her motion for a hardship discharge. The second order denied Spencer's motion for reconsideration of the first order. Because we believe that Spencer's request for a hardship discharge has been rendered moot by the dismissal of her case, we dismiss her appeal as moot.

## BACKGROUND

Spencer filed a Chapter 13 petition on February 10, 2000. On April 17, 2000, the bankruptcy court entered an order confirming her Chapter 13 plan. Both the plan and the confirmation order guaranteed that priority claims would be paid in full and general unsecured creditors would receive a minimum payment of ten percent. Spencer's plan estimated that the priority claims were zero.

On July 13, 2000, the IRS filed a timely proof of claim showing a $45,781 priority unsecured debt, and a $21,196.04 general unsecured debt. The priority unsecured debt was for unpaid income taxes for the 1995 and 1996 tax years. The general unsecured debt was for unpaid income tax for the 1994 tax year.

Spencer did not object to the IRS's proof of claim or amend the plan to provide for payment to the IRS. Therefore, on December 30, 2002, prior to the date Spencer made the final plan payment, the trustee filed a motion to dismiss her case. Spencer did not object to this motion, and on February 18, 2003, the bankruptcy court dismissed her case. Spencer did not appeal.

On April 8, 2003, Spencer filed a "Motion for Designation of Innocent Spouse" and a "Debtor's Motion for Hardship Discharge of Debtors or in the Alternate, Plea for Innocent Spouse Designation." Both motions were filed *pro se* and neither motion

---

[1] The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.

2

contained a clear request for relief, nor references to statutory or case authority. Thus, on April 14, 2003, the bankruptcy court denied both of Spencer's motions. On April 17, 2003, Spencer filed a motion to reconsider the bankruptcy court's denial of her motions. On April 24, 2003, Spencer filed two notices of appeal and another motion to reconsider. She failed to pay the required filing fee for either notice of appeal. On April 28, 2003, Spencer filed two more notices of appeal, which turned out to be merely amended notices of appeal.

On May 16, 2003, Spencer filed a motion seeking to reopen her case–an unnecessary motion since, although her case had been dismissed, it was still open. On May 27, 2003, in response to Spencer's motion, the bankruptcy court vacated its February 18, 2003 order of dismissal, and set the motion for hardship discharge for hearing on June 23, 2003. At the hearing and in an order dated June 27, 2003, the bankruptcy court determined that Spencer failed to allege grounds for a hardship discharge under 11 U.S.C. § 1328(b) and denied her motion. In a separate order dated June 26, 2003, and entered on June 27, 2003, the bankruptcy court again dismissed Spencer's case and denied "all pending Motions and Applications" as moot.

On June 30, 2003, Spencer filed two more notices of appeal. Both appeals were understood by us to appeal from the June 27, 2003 order of the bankruptcy court denying Spencer's motion for hardship discharge. On September 5, 2003, we dismissed all other appeals for failure to pay the required filing fee. We are left only with her appeals from the bankruptcy court's orders denying her hardship discharge requests.[2]

_____

[2] On September 22, 2003, Spencer also filed a motion requesting that we supplement the record on appeal. We deny that motion. The material Spencer offers is not in the trial record and absent certain circumstances, which Spencer does not meet, appellate courts generally cannot consider evidence not in the trial record. *See Crawford v. Runyon*, 79 F.3d 743, 744 (8th Cir. 1996) (citing *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 988 F.2d 61, 63 (8th Cir. 1993)).

DISCUSSION

Most of Spencer's argument on appeal addresses the propriety of the first dismissal of her case. Her arguments are misplaced for at least two reasons. First, Spencer did not appeal that order. Thus, the first dismissal of her case was final. Second, on May 27, 2003, the bankruptcy court, *sua sponte*, vacated the first dismissal, and allowed Spencer the opportunity to argue the merits of a hardship discharge. Thus, we need not address the propriety of the first dismissal of the debtor's case.

The bankruptcy court, after ruling on the hardship discharge issue, again dismissed Spencer's case. Since Spencer did not appeal that order either, the second dismissal of her case is now final, which makes the hardship discharge issue moot. Once a bankruptcy case is dismissed, issues on appeal relating to the dismissed bankruptcy case are rendered moot. *See Pruss v. Butler and Laughlin (In re Pruss)*, 229 F.3d 1197 (8th Cir. 2000); *Olive Street Inv., Inc. v. Howard Sav. Bank*, 972 F.2d 214 (8th Cir. 1992); *Dahlquist v. First Nat'l Bank in Sioux City, Iowa (In re Dahlquist)*, 751 F.2d 295, 298 (8th Cir. 1985). In simple terms, if there is no case, there is no right to any discharge, hardship or otherwise.

If the hardship discharge issue was not moot, we would affirm the bankruptcy court's denial of Spencer's hardship discharge. The grant or denial of a hardship discharge is within the discretion of the bankruptcy court. *See* 11 U.S.C. § 1328(b); *Bandilli v. Boyajian (In re Bandilli)*, 231 B.R. 836, 838 (1st Cir. 1999). Pursuant to § 1328(b), the bankruptcy court may grant a hardship discharge at any time after the confirmation of the plan and after a notice and hearing to a debtor that has not completed payments under the plan only if:

> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;

4

(2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and

(3) modification of the plan under section 1329 of this title is not practicable.

11 U.S.C. § 1328(b). The debtor bears the burden of proof, and must satisfy the court on all three elements of 11 U.S.C. § 1328(b). *In re Bandilli*, 231 B.R. at 839 (citing *In re Dark*, 87 B.R. 497 (Bankr.N.D.Ohio 1988)). In her motions, Spencer did not allege, much less prove, the elements entitling her to a hardship discharge.

Lastly, we note that even if the bankruptcy court had granted Spencer's motion for a hardship discharge, the goal of that motion would not be realized. Spencer makes no secret of the fact that her goal is to discharge her tax liability. However, 11 U.S.C. § 1328(c)(2) provides that a hardship discharge granted under 11 U.S.C. § 1328(b) discharges the debtor from all unsecured debts provided for by the plan, *except* any debt of a kind specified in 11 U.S.C. § 523(a), which, in subdivision (a)(3), specifically includes most tax debts.

## CONCLUSION

We dismiss Spencer's appeal as moot.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE
PANEL, EIGHTH CIRCUIT.

5